IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| MARKO S.,[1]<br>Institutional ID No. 75973-112,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 5:21-CV-134-H-BQ |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

**I.     Background**

Pursuant to Special Order No. 3-251, this case has been automatically referred to the undersigned United States Magistrate Judge. Pro se Plaintiff Marko S., who is presently incarcerated, filed a Complaint on June 16, 2021, seeking judicial review under 42 U.S.C. § 405(g) of the Social Security Commissioner's decision denying his application for disability insurance benefits. *See* ECF No. 1. Plaintiff has filed a request to proceed *in forma pauperis* (IFP) in this action. ECF No. 2. After reviewing Plaintiff's IFP request, the undersigned makes the following findings and conclusions and recommends that the district judge deny his application to proceed IFP.

**II.     Discussion**

"Section 1915(a) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Proceeding IFP in a civil case is a privilege, not a right. *White v. Colorado*,

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies Plaintiff only by first name and last initial.

157 F.3d 1226, 1233 (10th Cir. 1998) (quoting *Rivera v. Allin*, 144 F.3d 719, 724 (11th Cir. 1998), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)). Whether to permit or deny an application to proceed IFP is within the sound discretion of the court, and in reviewing the application, the court may evaluate all financial resources available to an applicant. *See Prows*, 842 F.2d at 140 (upholding the district court's rejection of a motion to proceed *in forma pauperis* and noting that the district court has discretion to consider the applicant's expenses and income in making such a determination). A court may also review and consider whether plaintiff's expenses are discretionary or mandatory. *Id.*

Plaintiff attached to his IFP application a copy of his inmate trust account statement (Statement), which provides a six-month history of Plaintiff's balances and deposits. ECF No. 2, at 5–6. The Statement shows that, on June 9, 2021—one week prior to filing this action—his account balance was $1001.05. *Id.* at 5. It further demonstrates that in the preceding six months, $2560.00 was deposited into his account.[2] *Id.* Notably, although not reported by Plaintiff, his Statement reflects that he receives fairly consistent gifts or other deposits from the free world. *Id.* (reflecting a total of $1,160.00 in deposits from friends or family in the past six months). *Id.* The Statement further shows that Plaintiff primarily spends his money on commissary purchases. *Id.* Plaintiff has spent $1440.31 on commissary items in the same six-month time period. *Id.*

In sum, Plaintiff had, at the time he filed this action, more than adequate funds to pay the filing fee. *See, e.g., Rosin v. Thaler*, 450 F. App'x 383, 383 (5th Cir. 2011) (per curiam) (finding district court did not abuse its discretion in denying prisoner's IFP application, where prisoner "had sufficient funds in his prison account to cover the filing fee"). Because Plaintiff has the

---

[2] The account statement shows various other small deposits into Plaintiff's account, including "FRP," along with corresponding deductions with the same notation. ECF No. 2, at 5 (reflecting, for example, a "MAY 21 FRP" deposit of $10.00 on May 1, 2021, and deductions of $3.14 and $6.86 on May 1 and May 7, 2021, respectively, with the same "FRP" denotation). The Court did not include these deposits in its calculation.

financial resources available to pay the $402.00 filing fee, the district judge should deny Plaintiff's application to proceed IFP.

### III. Recommendation

For the foregoing reasons, the undersigned recommends that the United States District Judge **DENY** Plaintiff's IFP application (ECF No. 2) and require Plaintiff to pay the $402.00 filing fee within thirty (30) days. The undersigned further recommends that the United States District Judge inform Plaintiff that his complaint will be subject to dismissal without further notice, under Fed. R. Civ. P. 41(b), unless Plaintiff tenders the $402.00 filing fee within thirty (30) days of the District Court's order.

### IV. Right To Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated: July __1__, 2021.

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE