IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| MARKO S.,[1] <br> Institutional ID No. 75973-112, <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § CIVIL ACTION NO. 5:21-CV-134-H-BQ <br> § <br> § <br> § <br> § <br> § |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to *Special Order No. 3-251*, this case has been automatically referred to the undersigned United States Magistrate Judge. Pro se Plaintiff Marko S., who is presently incarcerated, seeks judicial review under 42 U.S.C. § 405(g) of the Social Security Commissioner's decision denying his application for disability insurance benefits. *See* ECF No. 1. Plaintiff paid the filing fee in this action and is therefore responsible for serving Defendant Commissioner of Social Security. Fed. R. Civ. P. 4(c). As of the date of this recommendation, however, Plaintiff has not demonstrated he properly and timely served Defendant, nor has Plaintiff provided any explanation for the delay in service, as required by the Court's show cause order. The undersigned therefore recommends that the United States District Judge dismiss without prejudice Plaintiff's Complaint and all claims therein.

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies Plaintiff only by first name and last initial.

### I. Background

Plaintiff filed his Complaint on June 16, 2021 (ECF No. 1), and on July 22, 2021, he paid the filing fee. The Court subsequently entered an order notifying Plaintiff that because he paid the filing fee, he is responsible for serving Defendant with a summons and copy of the Complaint as provided under Rule 4(c) of the Federal Rules of Civil Procedure. ECF No. 10. The Court also notified Plaintiff that if he did not file a valid return of service or otherwise show that Defendant was properly served, this action could be dismissed. *Id.*

On September 14, 2021, Plaintiff filed a purported "Certificate of Service," stating that he sent the relevant documents via certified mail through the United States Postal Service. ECF No. 11. Plaintiff included two certified mail receipts, reflecting he sent the documents to the following addresses:

> Commissioner of Social Security SSA
> 5825 16th Street
> Lubbock, TX 79416-5125
>
> Office of Attorney General of USA
> 950 Pennsylvania Ave.
> Washington D.C. 20530

*Id.*

On February 2, 2022, the Court entered an order stating that: (1) more than ninety days had elapsed since Plaintiff filed his Complaint; (2) the record reflected that Plaintiff had not properly served Defendant; and (3) Defendant had not filed an answer or otherwise responded to Plaintiff's Complaint. ECF No. 12. Thus, the Court directed Plaintiff to: (1) effect proper service on Defendant, (2) provide proof of such service as provided in Rule 4(l), *and* (3) show good cause for the failure to timely serve. *Id.* The order required Plaintiff to complete the foregoing no later than February 25. *Id.*

The February 25 deadline has now passed, and Plaintiff has not filed the additional proof(s) of service or responded to the show cause order in any way.

## II.  Discussion

Rule 4(m) of the Federal Rules of Civil Procedure provides that "the court—on motion or on its own after notice to the plaintiff—*must* dismiss" without prejudice claims against any defendant who is not served within 90 days after a complaint is filed.  Fed. R. Civ. P. 4(m) (emphasis added).  Upon a finding of good cause, however, "the court must extend the time for service for an appropriate period." *Id.*

The Court originally advised Plaintiff on August 17, 2021, that he is responsible for perfecting service on Defendant.  ECF No. 10.  On February 2, 2022, the Court cautioned Plaintiff that the record did not reflect Defendant had been properly served and provided Plaintiff another three weeks to cure the defect.  ECF No. 12.  That order also required Plaintiff to show cause and explain the reason for the apparent delay in service.  *Id.*  Plaintiff has not complied with the February 2 order or otherwise responded in any way.[2]  Because Plaintiff has not timely served Defendant, the undersigned finds dismissal is appropriate under Rule 4(m).

In addition, a court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997).  This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases."  *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. at 630).

---

[2] On February 10, 2022, Plaintiff asked the Clerk to issue summons to the local United States Attorney.  ECF No. 13-1.  Despite the Clerk's issuance of a completed summons, however, Plaintiff has not provided proof of service as required under Rule 4(l) and directed by the Court, nor has he explained the reason for the delay in proper service.

Plaintiff has not complied with the Court's order to provide the proof(s) of service *and* explain the reason for his delay in service. ECF No. 12. By failing to comply or otherwise respond to the February 2 order, Plaintiff has prevented this action from proceeding. Dismissal under Rule 41(b) is similarly appropriate. *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) ("Under Rule 41(b), a district court may dismiss an action sua sponte if the plaintiff fails to comply with court orders.").

The Court reaches this conclusion despite the fact that the statute of limitations may bar Plaintiff's claims should he elect to re-file. *See id.* at 441 (applying a more stringent standard for dismissals that are effectively with prejudice due to the statute of limitations); 42 U.S.C. § 405(g) (providing plaintiff has sixty days from receipt of the Appeals Council's letter to commence action for judicial review). "Dismissal with prejudice is appropriate only when there is a showing of (a) a clear record of delay or contumacious conduct by the plaintiff, and (b) where lesser sanctions would not serve the best interests of justice." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (internal quotation marks and citation omitted); *accord Nottingham*, 837 F.3d at 441. "In most cases, a plain record of delay or contumacious conduct is found if one of the three aggravating factors is also present: (1) delay caused by the plaintiff; (2) actual prejudice to the defendant; or (3) delay as a result of intentional conduct." *Griggs*, 905 F.3d at 844 (quoting *Stearman v. Comm'r*, 436 F.3d 533, 535 (5th Cir. 2006)).

Despite ample time to serve Defendant and supply the proofs of service, as well as extensions by the Court beyond the time period contemplated by the rule, Plaintiff has not timely served Defendant or provided proof thereof. Plaintiff bears responsibility for accomplishing service of process upon Defendant (*see* Fed. R. Civ. P. 4(c)(1))—as such, the resulting delay is ultimately and solely attributable to him. *See Coleman v. Groom*, No. 3:19-CV-1155-N-BK,

4

2019 WL 5069065, at *3 (N.D. Tex. Sept. 18, 2019) (observing that because he was proceeding pro se, plaintiff's "recalcitrance [was] attributable to [him] alone"), *R. & R. adopted by* 2019 WL 5068169 (N.D. Tex. Oct. 9, 2019), *appeal dismissed*, 847 F. App'x 219 (5th Cir. 2021). Thus, the undersigned recommends the district judge dismiss this action without prejudice. *See McGinnis v. Shalala*, 2 F.3d 548, 551 (5th Cir. 1993) (affirming district court's dismissal of social security claimant's complaint, where even though the statute of limitations would bar claimant from refiling, claimant had failed to timely effect service on local United States Attorney and did not show good cause for the failure).

### III.   Recommendation

Plaintiff's failure to timely serve Defendant necessitates dismissal under Rule 4(m). In addition, dismissal is appropriate under Rule 41(b) because Plaintiff has not complied with the Court's February 2, 2022, show cause order. For these reasons, the undersigned recommends that the United States District Judge dismiss without prejudice Plaintiff's Complaint and all claims therein.

### IV.   Right To Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not

specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated: March 18, 2022.

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE