UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| MARKO S., <br><br>     Plaintiff, <br><br> v. <br><br> COMISSIONER OF SOCIAL SECURITY, <br><br>     Defendant. | No. 5:21-CV-134-H-BQ |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

United States Magistrate Judge D. Gordon Bryant made Findings, Conclusions, and a Recommendation (FCR) regarding plaintiff's failure to effect timely and proper service upon defendant. Dkt. No. 14. Judge Bryant recommends that the case be dismissed without prejudice because plaintiff failed to timely serve defendant and because plaintiff has not complied with the Court's show cause order. *Id.* at 5. Plaintiff timely filed an objection to the FCR. Dkt. No. 15. For the reasons stated below, the Court accepts and adopts the FCR (Dkt. No. 14). The Court dismisses the case without prejudice.

The Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); see 28 U.S.C. § 636(b)(1). Because plaintiff timely objected to the FCR, the Court's review of the FCR is de novo.

Plaintiff filed his complaint against the Commissioner of Social Security on June 16, 2021. Dkt. No. 1. So, under Federal Rule of Civil Procedure 4(m), plaintiff had until September 14 to effect service. On August 17, the Court notified plaintiff that he had not filed the required proof of service under Federal Rule of Civil Procedure 4(l) and admonished him to accomplish service by no later than September 14. Dkt. No. 10. On

September 14, plaintiff filed a certificate of service, which stated that he had mailed a copy of the summons and complaint to the Commissioner of Social Security and the Attorney General of the United States on September 3, 2021. Dkt. No. 11. He attached certified mail receipts to the certificate. *Id.*

On February 10, 2022, the Court, in its order to show cause, noted that more than 90 days had elapsed since plaintiff filed his complaint and gave plaintiff until February 25 to "(1) effect proper service on Defendant, (2) provide proof of such service as provided in Rule 4(l), *and* (3) show good cause for the failure to timely serve." Dkt. No. 12 at 2. Plaintiff has not done any of these things.

Under Rule 4(i)(1), to serve the United States, a party must fulfill three requirements:

(A)
> (i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

(C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1). Per plaintiff's certificate of service, he sent a copy of the summons and complaint to the Attorney General and the Commissioner on September 3, 2021. Dkt. No. 11. But, to date, he has not delivered a copy of the summons and complaint to the United States Attorney for this district, an Assistant United States Attorney or clerical

employee whom the United States Attorney has designated, or the civil-process clerk at the United States Attorney's Office. *See* Fed. R. Civ. P. 4(i)(1)(A).

Twice plaintiff was provided with notice of his insufficient service, and the Court gave him until February 25 to effect proper service. Dkt. Nos. 10; 12. He failed to comply. Thus, under Rule 4(m), dismissal without prejudice is warranted in this case. Fed. R. Civ. P. 4(m). Moreover, because plaintiff did not comply with the Court's order to show cause (Dkt. No. 12), dismissal without prejudice is separately warranted under Rule 41(b). Fed. R. Civ. P. 41(b). Having reviewed it de novo, the Court accepts and adopts the FCR (Dkt. No. 14). The Court dismisses this case without prejudice.

So ordered on April 7, 2022.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE